## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION** | ) |
| 1818 N Street, N.W. | ) |
| Suite 410 | ) |
| Washington, DC 20036, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DEPARTMENT OF JUSTICE** | ) |
| 950 Pennsylvania Avenue, N.W. | ) |
| Washington DC 20530, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff seeks the expedited processing and release of records Plaintiff requested from Defendant Department of Justice and its components, Office of Information Policy and National Security Division, including the opinions of the Foreign Intelligence Surveillance Court (FISC) and reports to Congress describing unconstitutional government surveillance. The requested records concern an "actual or alleged [f]ederal [g]overnment activity" about which there is an "urgency to inform the public," and the requests were "made by a person primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). The requested records also involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(d)(1)(iv).

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff Electronic Frontier Foundation (EFF) is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C.  EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4.      Defendant Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Office of Information Policy (OIP)[1] and National Security Division (NSD) are components of Defendant DOJ.

## FACTUAL ALLEGATIONS

### The FISA Amendments Act and Unconstitutional Government Surveillance

5.      Section 702 of the FISA Amendments Act ("FAA") of 2008, P.L. 110-261, 122 Stat. 2436 (codified as amended in scattered sections of 18 and 50 U.S.C.) provides, among other things, that the government may obtain an order "for a period of up to 1 year" for the "targeting of persons reasonably believed to be located outside the United States to acquire foreign intelligence information." 50 U.S.C. § 1881a(a). This targeting is subject to specified limitations and the approval of targeting and minimization requirements by the Foreign Intelligence Surveillance Court ("FISC"). *Id*.

---

[1] The Office of Information Policy has primary responsibility for handling FOIA requests submitted to the Office of the Attorney General, Deputy Attorney General, and Associate Attorney General, as well as the Office of Legislative Affairs and the Office of Legal Policy.

6.      The FAA also provides for Congressional review of surveillance performed under Section 702. 50 U.S.C. § 1881f. These reports, required at least "every 6 months," must include a "description of the judicial review" by the FISC of the "targeting and minimization procedures" used in connection with Section 702 surveillance, 50 U.S.C. § 1881f(b)(1)(D), and "a description of any incidents of noncompliance." 50 U.S.C. § 1881f(b)(1)(G).

7.      FISA also requires the Attorney General to submit to Congress "a copy of any decision, order, or opinion issued by the [FISC] or the Foreign Intelligence Surveillance Court of Review that includes significant construction or interpretation of any provision of [FISA]." 50 U.S.C. § 1871(c)(1).

8.      The provisions for surveillance established in the FAA will sunset on December 31, 2012. P.L 110-261, Sec 403(b)(1); 50 U.S.C. § 1881 note. Director of National Intelligence James Clapper described reauthorization of the FAA as the intelligence community's "top legislative priority." *Letter from James Clapper to John Boehner, et al.* (March 26, 2012).[2]

9.      In anticipation of the FAA's expiration and the debate over reauthorization, Senators Ron Wyden and Mark Udall have pushed the executive branch to make public statements concerning surveillance conducted under Section 702. *See, e.g.*, Spencer Ackerman, *NSA: It Would Violate Your Privacy to Say if We Spied on You*, Wired (June 18, 2012).[3]

10.     In July 2012, the Office of the Director of National Intelligence provided Senator Wyden with a classification review of three statements he wished to make publicly concerning surveillance conducted under Section 702. The three statements are:

- "A recent unclassified report noted that the [FISC] has repeatedly held that collection carried out pursuant to the FISA Section 702 minimization procedures used by the government is reasonable under the Fourth Amendment."

---

[2] *Available at* http://www.fas.org/irp/news/2012/03/dni032612.pdf.
[3] *Available at* http://www.wired.com/dangerroom/2012/06/nsa-spied/.

- "It is also true that on at least one occasion the [FISC] held that some collection carried out pursuant to the Section 702 minimization procedures used by the government was unreasonable under the Fourth Amendment."

- "I believe that the government's implementation of Section 702 of FISA has sometimes circumvented the spirit of the law, and on at least one occasion the [FISC] has reached this same conclusion."

*Letter from Kathleen Turner, Director of Legislative Affairs, Office of Director of National Intelligence, to Senator Ron Wyden* (July 20, 2012).[4]

11.     This disclosure confirmed previous reports that Section 702 surveillance had "intercepted the private e-mail messages and phone calls of Americans . . . on a scale that went beyond the broad legal limits established by Congress[.]" Eric Lichtblau and James Risen, *Officials Say U.S. Wiretaps Exceeded Law*, N.Y. Times (April 15, 2009);[5] *see also* Eric Lichtblau and James Risen, *Email Surveillance Renews Concerns in Congress*, N.Y. Times (June 16, 2009).[6] Officials briefed on the surveillance in 2009 described it as "significant and systemic." *Id*.

**Plaintiff's FOIA Requests and Requests for Expedited Processing**

12.     In letters dated July 26, 2012 and sent by email to OIP and NSD, Plaintiff requested the following category of records under the FOIA:

> (1)     Any written opinion or order, as described [in the three statements quoted in ¶ 12], in which "the Foreign Intelligence Surveillance Court held that some collection carried out pursuant to the Section 702 minimization procedures used by the government was unreasonable under the Fourth Amendment;"

---

[4] *Available at* http://www.wired.com/images_blogs/dangerroom/2012/07/2012-07-20-OLA-Ltr-to-Senator-Wyden-ref-Declassification-Request.pdf.
[5] *Available at* http://www.nytimes.com/2009/04/16/us/16nsa.html.
[6] *Available at* http://www.nytimes.com/2009/06/17/us/17nsa.html.

(2)     Any written opinion or order, as described in [the three statements quoted in ¶ 12], reflecting or concerning a FISC determination that "the government's implementation of Section 702 of FISA has sometimes circumvented the spirit of the law;" and,

(3)     Any briefing provided to the Senate Select Committee on Intelligence or the House Permanent Select Committee on Intelligence concerning the FISC opinions or orders, described in items (1) and (2) above.

13.     In its July 26 letters, Plaintiff also formally requested that the processing of these requests be expedited because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the requests were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(I), (v)(II); 28 C.F.R. § 16.5(d)(1)(ii). Plaintiff also requested expedited processing because the requests involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(d)(1)(iv).

14.     Plaintiff also requested a waiver of all fees associated with the processing and release of the requested records.

15.     On information and belief, OIP received Plaintiff's request letter, described in paragraphs 14 & 15, on July 26, 2012, and NSD received Plaintiff's request letter on July 31, 2012.

16.     By letter dated August 13, 2012, NSD acknowledged receipt of Plaintiff's request letter.

17.     Neither OIP nor NSD have yet processed and released records responsive to Plaintiff's FOIA request. Not only has Defendant failed to expedite the processing of Plaintiff's requests, it has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request.

18.     Plaintiff has exhausted the applicable administrative remedies with respect to all of its FOIA requests referenced herein.

19.     Defendant has wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Failure to Expedite Processing**

20.     Plaintiff repeats and realleges paragraphs 1-19.

21.     Defendant has violated the FOIA by failing to expedite the processing of Plaintiff's FOIA requests.

22.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's failure to expedite the processing of Plaintiff's requests.

23.     Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

24.     Plaintiff repeats and realleges paragraphs 1-19.

25.     Defendant has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

26.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

27.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     order Defendant and its components to process immediately the requested records in their entirety;

2.     order Defendant and its components, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3.     order Defendant and its components to waive all fees associated with the processing and release of the requested records;

4.      provide for expeditious proceedings in this action;

5.      award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

6.      grant such other relief as the Court may deem just and proper.

DATED: August 29, 2012                        Respectfully submitted,

By: _____
      DAVID L. SOBEL
      D.C. Bar No. 360418
      Electronic Frontier Foundation
      1818 N Street, N.W.
      Suite 410
      Washington, D.C. 20036
      (202) 797-9009

      JENNIFER LYNCH
      (admitted in California)
      MARK RUMOLD
      (admitted in California)
      Electronic Frontier Foundation
      454 Shotwell Street
      San Francisco, CA 94110
      (415) 436-9333

      Attorneys for Plaintiff
      ELECTRONIC FRONTIER FOUNDATION