**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) |
| DEPARTMENT OF JUSTICE, | ) ) |
| Defendant. | ) ) ) |

Civil Action No. 12-1441-ABJ

**ANSWER**

Defendant, the Department of Justice ("Department"), by and through undersigned counsel, hereby answers the Complaint for Injunctive Relief in the above-captioned action. The following responses correspond to the numbered paragraphs in the Complaint filed by Plaintiff, Electronic Frontier Foundation.

1. Paragraph 1 contains Plaintiff's characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required. The Department respectfully refers the Court to the statutory and regulatory provisions cited in Paragraph 1 for a complete and accurate statement of their contents. To the extent a response is deemed necessary, the Department denies the allegations in Paragraph 1 except to admit that this action was filed under the Freedom of Information ("FOIA") Act and concerns a FOIA request submitted to the Department.

## JURISDICTION AND VENUE

2. Paragraph 2 contains conclusions of law, not allegations of fact, and thus no response is required. The Department denies any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

## PARTIES

3. The Department lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3.

4. The Department admits the allegations in Paragraph 4. The Department further avers that the Office of Information Policy ("OIP") handles FOIA requests submitted to the Office of Public Affairs ("PAO"), and that requests for expedited processing pursuant to 28 C.F.R. §16.5(d)(1)(iv) must be submitted to the Director of PAO.

## FACTUAL ALLEGATIONS

5. Paragraph 5 contains conclusions of law, not allegations of fact, and thus no response is required. The Department denies any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

6. Paragraph 6 contains conclusions of law, not allegations of fact, and thus no response is required. The Department denies any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

7. Paragraph 7 contains conclusions of law, not allegations of fact, and thus no response is required. The Department denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

8. The first sentence of Paragraph 8 contains a conclusion of law, not allegations of fact, and thus no response is required. The Department denies any characterizations of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. The Department admits the allegations in the second sentence of Paragraph 8.

9. Paragraph 9 contains Plaintiff's characterizations of a newspaper report about Section 702, not allegations of fact, and thus no response is required. The Department respectfully refers the Court to the cited newspaper article for a true and accurate statement of its contents.

10. The Department admits the allegations in Paragraph 10.

11. Paragraph 11 contains a conclusion of law and Plaintiff's characterizations of newspaper reports about Section 702, not allegations of fact, and thus no response is required. The Department respectfully refers the Court to the quoted newspaper articles for a true and accurate statement of their contents.

12. The Department denies the allegations in Paragraph 12 except to admit that Plaintiff submitted a FOIA request dated July 26, 2012 to the Department's National Security Division ("NSD") by email that requested the information described in sub-paragraphs (1), (2), and (3) of Paragraph 12.

13. The Department denies the allegations in Paragraph 13 except to admit that Plaintiff's FOIA request requested expedited processing. The Department respectfully refers the Court to the statutory provisions cited in Paragraph 13 for a complete and accurate statement of their contents.

14. The Department admits the allegations in Paragraph 14.

15. The Department admits the allegations in Paragraph 15.

16. The Department admits the allegations in Paragraph 16.

17. The Department denies the allegations in Paragraph 17 except to admit that NSD has not released records responsive to Plaintiff's FOIA request. The Department avers that Plaintiff's FOIA request did not seek records from OIP. In a conversation that took place on July 31, 2012, Plaintiff's representative confirmed OIP's assessment that its request was directed to OIP only because the Plaintiff sought expedited processing pursuant to 28 C.F.R. §16.5(d)(1)(iv).

18. Paragraph 18 contains a conclusion of law, not allegations of fact, and thus no response is required.

19. The Department denies the allegations in Paragraph 19.

## CAUSES OF ACTION

20. The Department repeats and realleges its responses to Paragraphs 1 through 19.

21. The Department denies the allegations in Paragraph 21.

22. Paragraph 22 contains a conclusion of law, not allegations of fact, and thus no response is required.

23. The Department denies the allegations in Paragraph 23.

24. The Department repeats and realleges its responses to Paragraphs 1 through 19.

25. The Department denies the allegations in Paragraph 25.

26. Paragraph 26 contains a conclusion of law, not allegations of fact, and thus no response is required.

27. The Department denies the allegations in Paragraph 27.

## REQUESTED RELIEF

The remaining paragraphs of the Complaint for Injunctive Relief contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in the remaining portions of the Complaint for Injunctive Relief.

Defendant denies any and all allegations not expressly admitted herein to which a response is required.

Dated: October 1, 2012         Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director
Civil Division

/s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD (D.C. Bar 459548)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C.  20530
Telephone:  (202) 514-3418
Fax:  (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Counsel for the Department of Justice**

Case 1:12-cv-01441-ABJ   Document 4   Filed 10/01/12   Page 6 of 6