**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
ELECTRONIC FRONTIER                           )
FOUNDATION,                                    )
                                              )
        Plaintiff,                             )
                                              )
              v.                               )        Civil Action No. 12-1441-ABJ
                                              )
                                              )
DEPARTMENT OF JUSTICE,                         )
                                              )
        Defendant.                             )
                                              )
_____)

**DEPARTMENT OF JUSTICE'S STATEMENT OF MATERIAL FACTS NOT IN
GENUINE DISPUTE**

Pursuant to Local Rule 7(h)(1), the Department of Justice ("Department") submits

this Statement of Material Facts not in Genuine Dispute in support of the government's

Motion for Summary Judgment.

1.      Most information concerning the government's activities pursuant to

Section 702 of the Foreign Intelligence Surveillance Act Amendments Act of 2008

("FAA") is classified.  *See* Declaration of Mark A. Bradley ("Bradley Decl.") ¶¶ 4-9;

Declaration of Diane M. Janosek ("Janosek Decl.") ¶¶ 3-9.  As part of the then-ongoing

public debate about the FAA reauthorization, the Director of National Intelligence

declassified the following four statements about the government's use of Section 702:

1.   A recent unclassified report noted that the Foreign Intelligence Surveillance
     Court has repeatedly held that collection carried out pursuant to the FISA
     Section 702 minimization procedures used by the government is reasonable
     under the Fourth Amendment.

2.    It is also true that on at least one occasion the Foreign Intelligence
     Surveillance Court held that some collection carried out pursuant to the

Section 702 minimization procedures used by the government was unreasonable under the Fourth Amendment.

3.   [According to Senator Wyden,] the government's implementation of Section 702 of FISA has sometimes circumvented the spirit of the law, and on at least one occasion the FISA Court has reached this same conclusion.

4.   The government has remedied these concerns and the FISC has continued to approve the collection as consistent with the statute and reasonable under the Fourth Amendment.

Bradley Decl. Ex. A (Letter to Senator Wyden from Kathleen Turner); *see also* Bradley

Decl. ¶ 8.

2.      By letter dated July 26, 2012, Electronic Frontier Foundation ("EFF" or

"Plaintiff") submitted a Freedom of Information Act ("FOIA") request to the

Department's National Security Division ("NSD") seeking the following:

1.   Any written opinion or order, as described in the statement quoted above, in which "the Foreign Intelligence Surveillance Court held that some collection carried out pursuant to the Section 702 minimization procedures used by the government was unreasonable under the Fourth Amendment";

2.   Any written opinion or order, as described in the statement quoted above, reflecting or concerning a FISC determination that "the government's implementation of Section 702 of FISA has sometimes circumvented the spirit of the law"; and,

3.   Any briefing provided to the Senate Select Committee on Intelligence or the House Permanent Select Committee on Intelligence concerning the FISC opinions or orders, described in items (1) and (2) above.

Bradley Decl. Ex. A at 2.

3.      By letter dated January 3, 2013, the Department informed Plaintiff that

five documents responsive to its FOIA request had been located:  (a) a FISC order

responsive to Item 1 of Plaintiff's FOIA request ("Document A"); (b) the redacted copy

of the same FISC order that was provided to Congress pursuant to 50 U.S.C. § 1871

("Document B"); (c) a classified white paper prepared for Congress, only one paragraph

of which is responsive to Plaintiff's FOIA request ("Document C"); (d) a Joint Statement

Before the Permanent Select Committee on Intelligence, United States House of

Representatives, one section of which is responsive to Plaintiff's FOIA request

("Document D"); and (e) a Joint Statement Before the Senate Select Committee on

Intelligence, one section of which is responsive to Plaintiff's FOIA request ("Document

E").  *See* Bradley Decl. ¶ 5; *see also* Bradley Decl. Ex. B.  The Department is

withholding Documents A, B, and C in their entirety.  *See* Bradley Decl. ¶ 5.  The

Department produced the non-exempt, responsive portions of Documents D and E to

Plaintiff.  *See* Bradley Decl. ¶ 13 & Ex. B.

## DOCUMENTS A AND B

4.      The Department does not have the discretion to disclose Documents A and

B publicly because they are orders of the Foreign Intelligence Surveillance Court

("FISC") and thus, by statute, are subject to the strict security procedures established by

the FISC.  *See* 50 U.S.C. § 1803(c); *see also* Bradley Decl. ¶ 7 & Ex. C ("FISC Rules of

Procedure").

5.      The FISC Rules of Procedure prohibit the public disclosure of FISC

opinions and orders except upon court order. *See* FISC R. P. 62(b); 50 U.S.C. § 1803(c);

*see also* Bradley Decl. ¶ 7.

6.      The FISC has not ordered the publication of Document A or B.  *See*

Bradley Decl. ¶ 7.

7.      Documents A and B are currently and properly classified under Executive

Order 13526 and are protected from disclosure by the National Security Act of 1947,  the

National Security Agency Act of 1959, and 18 U.S.C. § 798 because they concern

intelligence sources and methods and NSA surveillance activities.  *See* Bradley Decl. ¶¶ 8-10; Janosek Decl. ¶ 11.

## DOCUMENT C

8.      Document C is currently and properly classified under Executive Order 13526.  *See* Janosek Decl. ¶¶ 3, 13-18.

9.      The one responsive paragraph in that classified document concerns operational details of the National Security Agency's ("NSA") collection activities pursuant to Section 702; this information is within the scope of the National Security Agency Act of 1959, 18 U.S.C. § 798, and Section 102A(i)(1) of the Intelligence Reform and Terrorism Prevention Act of 2004 – all three of which protect the information in Document C from disclosure.  *See* Janosek Decl. ¶¶ 19-26.

10.      The non-responsive information in Document C contains classified and statutorily protected NSA operational details.  *See* Janosek Decl. ¶ 3 n.1.

## DOCUMENTS D AND E

11.      Documents D and E are currently and properly classified under Executive Order 13526.  *See* Janosek Decl. ¶¶ 3, 13-18.

12.      The one responsive section in Documents D and E concern operational details of the National Security Agency's collection activities pursuant to Section 702; this information is within the scope of the National Security Agency Act of 1959, 18 U.S.C. § 798, and Section 102A(i)(1) of the Intelligence Reform and Terrorism Prevent Act of 2004 – all three of which protect this information from disclosure.  *See* Janosek Decl. ¶¶ 19-26.

13.    The non-responsive information in Documents D and E contain classified and statutorily protected NSA operational details.  *See* Janosek Decl. ¶ 3 n.1.

### SEGREGABILITY

14.    Unlike Documents A, B, and C, non-exempt, responsive information in Documents D and E could be segregated and produced to Plaintiff.  *See* Bradley Decl. ¶ 13 & Ex. B.

15.    Any non-exempt information in the one responsive paragraph of Document C was too inextricably intertwined with its classified, exempt information. *See* Bradley Decl. ¶ 12.

16.    Documents A and B could not be segregated and released by the Department because of the FISC-imposed restrictions on their public release.  *See* FISC R. P. 62(b); 50 U.S.C. § 1803(c); *see also* Bradley Decl. ¶ 11.

Dated:  April 1, 2013                    Respectfully submitted,

                                         STUART F. DELERY
                                         Acting Assistant Attorney General

                                         JOHN R. TYLER
                                         Assistant Branch Director
                                         Civil Division

                                         /s/ Jacqueline Coleman Snead
                                         JACQUELINE COLEMAN SNEAD (D.C. Bar 459548)
                                         Senior Counsel
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Ave, NW
                                         Washington, D.C.  20530
                                         Telephone:  (202) 514-3418
                                         Fax:  (202) 616-8470
                                         E-mail: Jacqueline.Snead@usdoj.gov

                                         **Counsel for the Department of Justice**