IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 12-1441-ABJ ) |
| **DEPARTMENT OF JUSTICE,** | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS**

For the reasons set forth below, plaintiff Electronic Frontier Foundation ("EFF") respectfully moves for a stay of proceedings in this Freedom of Information Act ("FOIA") case. Pursuant to LCvR 7(m), counsel for plaintiff has conferred with counsel for defendant Department of Justice ("DOJ") concerning this motion. Counsel for defendant has represented that DOJ does not oppose plaintiff's motion.

**Points and Authorities**

EFF initiated this action on August 30, 2012, seeking the disclosure of records in the possession of the DOJ's National Security Division. Compl. ¶ 1 (Dkt. No. 1). In particular, EFF's suit seeks disclosure of opinions of the Foreign Intelligence Surveillance Court ("FISC") concerning unconstitutional surveillance conducted under the FISA Amendments Act. *Id*. ¶ 12.  On April 1, 2013, DOJ moved for summary judgment. Def. Mem. of Pts. & Auth. ISO Mot. for Summ. J. ("Def. Mem.") (Dkt. No. 11). In its summary judgment motion, and for the first time, DOJ suggested that the FISC's Rules of Procedure prohibit the disclosure of the records at issue in this litigation. *See* Def. Mem. at 11-15. EFF now seeks a stay of these proceedings in order to request, by motion of the FISC, publication of the FISC opinion at issue here. A stay in this case is warranted to preserve

the resources of the Court and to definitively resolve the interplay between the FISC's procedural rules, FOIA, and the release of the FISC opinions at issue in this case.

1. **EFF's FOIA Request, Procedural Background of this Litigation, and Defendant's Motion for Summary Judgment**

In July 2012, EFF filed a FOIA request with DOJ requesting, among other records, any "written opinion or order" of the FISC in which that court held government surveillance conducted under the FISA Amendments Act "was unreasonable under the Fourth Amendment" or had "circumvented the spirit of the law." Compl. ¶ 12. After DOJ failed to release the requested records within the statutory timeframe, EFF filed suit in August 2012. *Id*.

By letter dated January 3, 2013, DOJ initially informed EFF that it had located records, including a FISC opinion, responsive to EFF's request. Def. Mem. at 8-9. The agency indicated that the records were being withheld in full under Exemptions 1 and 3 of FOIA. *Id*.

On April 1, 2013, DOJ moved for summary judgment. The agency again acknowledged that it was withholding a FISC opinion responsive to EFF's request – an 86-page opinion issued on October 3, 2011.[1] Declaration of Mark Bradley ("Bradley Decl."), ¶ 5 (Dkt. No. 11-3). DOJ claimed in its motion that, independent of any exemption to FOIA, the FISC's Rules of Procedure barred the agency from disclosing any part of the responsive opinion in response to a FOIA request. Def. Mem. at 11-15.

---

[1] A second, redacted version of the FISC Opinion, which was produced for Congress, was also determined to be responsive to EFF's request. Bradley Decl. ¶ 5.

**2. Further Proceedings Should Be Stayed in the Interest of Judicial Economy**

EFF respectfully submits that the interest of judicial economy is best served by staying the proceedings. Litigating before this Court the question of what restrictions, if any, the FISC's Rules of Procedure place on the DOJ's dissemination of FISC opinions would be unnecessarily duplicative in light of EFF's intent to file a motion with the FISC requesting publication of the opinion at issue in this case. The FISC is uniquely able to opine on the application of its own rules, and should clearly be afforded an opportunity to do so before this Court proceeds.

This Court has consistently recognized that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Feld Entm't, Inc. v. ASPCA*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *see also Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 248 (D.D.C. 2006); *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004).  Such forbearance is appropriate where, as here, the outcome of other proceedings may have a bearing on the disposition of the case. *Hisler*, 344 F. Supp. 2d at 35 ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere.") (citing *Landis*); *Painters' Pension Trust Fund v. Manganaro Corp.*, 693 F. Supp. 1222, 1224 (D.D.C. 1988) (noting "stays are not infrequently granted when simultaneously pending [] proceedings might illuminate or resolve matters also confronting courts"). "Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Hussain v. Lewis*, 848 F. Supp. 2d 1, 2 (D.D.C.

2012) (citing *Hisler*).

In the interest of judicial economy, the Court should stay further proceedings in this case. EFF intends to promptly file a motion with the FISC requesting publication of the opinion currently at issue in this case. The FISC's resolution of that motion will likely settle whether, as DOJ claims, the FISC's own rules prohibit the agency from disclosing the FISC opinion at issue here. EFF proposes to keep this Court apprised of the proceedings in the FISC through the filing of status updates every 90 days; in addition, EFF will notify this Court within 14 days of any decision by the FISC and, after conferring with defendant, file a jointly proposed schedule for further proceedings in this case.

## CONCLUSION

For the foregoing reasons, plaintiff's unopposed motion to stay proceedings should be granted. An appropriate proposed order accompanies this memorandum.

Respectfully submitted,

 */s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
(202) 797-9009

MARK RUMOLD
(Admitted in California)
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Counsel for Plaintiff