**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF JUSTICE,** )<br>)<br>Defendant. )<br>_____ ) | Civ. No. 12-1441-ABJ |

**JOINT STATUS REPORT**

This action concerns a Freedom of Information Act ("FOIA") request dated July 26, 2012 submitted by Electronic Frontier Foundation ("Plaintiff" or "EFF") to the Department of Justice's ("Department") National Security Division seeking:

> (1) Any written opinion or order . . . in which "the Foreign Intelligence Surveillance Court held that some collection carried out pursuant to Section 702 minimization procedures used by the government was unreasonable under the Fourth Amendment";
>
> (2) Any written opinion or order . . . reflecting or concerning a FISC determination that "the government's implementation of Section 702 of FISA has sometimes circumvented the spirit of the law"; and
>
> (3) Any briefing provided to the Senate Select Committee on Intelligence or the House Permanent Select Commission on Intelligence concerning FISC opinions or orders described in items (1) and (2) above.

Compl. for Inj. Relief ¶ 12. On Plaintiff's Unopposed Motion to Stay Proceedings, the Court stayed this action effective April 24, 2013. *See* Pl.'s Unopposed Mot. to Stay Proceedings, Apr. 24, 2013, ECF No. 12. However, the parties have submitted joint status reports at regular intervals. Pursuant to the Court's Minute Order of June 10, 2013, the parties now submit this joint status report to apprise the Court of the following:

1. In their status report of June 5, 2013, the parties advised the Court that Plaintiff had filed with the Foreign Intelligence Surveillance Court ("FISC") a motion requesting the FISC's consent to the disclosure of the records at issue in this case or, alternatively, a determination that the FISC's rules do not prohibit the disclosure of those records. The government responded to that motion on June 7, 2013.

2. On June 12, 2013, the FISC granted Plaintiff's motion in part and held that "FISC Rule 62 does not have the effect of sealing copies of the Opinion in the Government's possession and that the Court has not otherwise prohibited the Government's disclosure of such copies in response to EFF's FOIA request." Opinion & Order, *In re Mot. for Consent to Disclosure of Court Records or, in the Alternative, a Determination of the Effect of the Court's Rules on Statutory Access Rights*, Misc. 13-01, June 12, 2013.

3. Moreover, in recent weeks, there have been unauthorized disclosures of classified information concerning the government's collection of intelligence pursuant to the Foreign Intelligence Surveillance Act ("FISA"). Beginning, on or about, June 6, 2013, in response to such unauthorized disclosures, the government has declassified certain information through public statements concerning the collection of intelligence pursuant to FISA, including Section 702 of the FISA Amendments Act of 2008.[1] The records at issue in this FOIA action concern Section 702.

---

[1] *See, e.g.*, June 8, 2013 Statement of the Director of National Intelligence, *available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/872-dni-statement-on-the-collection-of-intelligence-pursuant-to-section-702-of-the-foreign-intelligence-surveillance-act.

4. Counsel for the parties conferred on June 27, 2013. The parties were unable to agree on a next course for this action. Set forth below are the respective positions of the parties.

**Plaintiff's Position**

Plaintiff respectfully requests the Court immediately lift the stay and allow the case to proceed. The ongoing, public debate on the scope and propriety of the government's surveillance activities vitally depends on the public's access to the records at issue in this case — primarily, an opinion of the Foreign Intelligence Surveillance Court (the "Opinion") holding that surveillance conducted under Section 702 of the FISA Amendments Act violated the Fourth Amendment and the spirit of federal law. *See* Declaration of Mark Bradley ("Bradley Decl."), ¶ 5 (ECF No. 11-3).

The Court should not tolerate the government's attempt to further obstruct public scrutiny of Section 702 surveillance by delaying proceedings in this case. EFF respectfully urges the Court to immediately lift the stay in this case, and EFF further requests an order (a) requiring the government to finalize any declassification determinations by July 12 and to release any non-exempt, responsive records on or before that date; and (b) if any responsive records remain at issue, allowing EFF to file an appropriate dispositive motion[2] on or before July 19, 2013.

<u>Defendant's Delays Have Already Obstructed Meaningful Public Debate on Section 702 Surveillance</u>

Nearly a year ago, on July 26, 2012, EFF sought the expedited processing and release of the Opinion through FOIA. *See* Bradley Decl., Ex. A at 9-15 (EFF FOIA

---

[2] Defendant's motion for summary judgment is currently pending before the Court. (ECF No. 11-1). After July 12, should Defendant choose to maintain its earlier position in the case, EFF intends to oppose and cross-move for summary judgment on July 19. Should Defendant choose to withdraw its motion or to partially release records, EFF intends to itself move for summary judgment on that date.

3

Request). EFF specifically sought the Opinion's expeditious disclosure to facilitate a full, informed public debate on the reauthorization of the FISA Amendments Act ("FAA"), which was then scheduled to sunset on December 31, 2012. *See id*. at 10-12 (discussing FAA reauthorization). Yet, despite the urgency with which EFF sought the requested records, Defendant, through a series of delays, effectively obstructed proceedings in this case until *after* the FAA had been reauthorized.

The existence of the Opinion was publicly disclosed for the first time in a letter dated July 20, 2012. *See* Bradley Decl., Ex. A at 16 (Letter from Kathleen Turner to Sen. Ron Wyden). Six days later, EFF submitted its FOIA request for the Opinion. *Id*. at 9-15. After the government failed to respond to EFF's expedited request within the statutory timeframe, EFF promptly filed suit on August 30, 2012. (ECF No. 1). On October 31, 2012, Defendant averred that it would produce responsive, non-exempt information by December 5, 2012. (ECF No. 6). Believing this to mean responsive records would be produced on that date (and in time to contribute to the FAA reauthorization debate), EFF did not oppose Defendant's request. On December 5, 2012, Defendant requested an additional month to produce records, which EFF opposed. (ECF No. 7). On December 28, 2012, Congress approved the FAA's reauthorization; on December 30, 2012, the President signed the bill into law. *See* FISA Amendments Act Reauthorization Act of 2012, Pub. L. 112-238, 126 Stat. 1631 (Dec. 30, 2012).

On January 3, 2013 — a full *five months* after EFF requested the Opinion's expeditious disclosure; *four months* after EFF filed suit; and *four days* after the Opinion's public contribution to the reauthorization debate was rendered moot — the government "released" documents to EFF. *See* Bradley Decl., Exhibit B at 26. Yet, even then,

4

meaningful public discussion was still curtailed: the documents, for all practical purposes, were entirely redacted. *See id*. at 28-56.

Now, in the midst of the most robust public debate on the scope and propriety of government surveillance practices since the 1970s and the proceedings of the Church Committee, Defendant *again* seeks to delay proceedings so it can reconsider its position in this case. EFF believes it was earlier misled by government affirmations that responsive records would be forthcoming; EFF respectfully urges this Court not to rely on similar government representations again.

<u>Defendant Has Already Had Ample Opportunity to Reconsider Its Litigation Position in Light of Government Confirmations and Statements on Section 702 Surveillance</u>

Defendant cannot blame disclosures of classified information that occurred nearly a month ago to justify further delays in these proceedings. Indeed, in the face of widespread public criticism, the government has been able to marshal rapid and public responses — often taking steps to immediately declassify information. Defendant provides no reason that the government may not proceed with similar promptness here.

For example, on June 6, 2013, the *Guardian* published a previously classified "business records" order of the FISC, and the *Guardian* and *Washington Post* published similarly classified slides describing the "PRISM" computer system — a system apparently used to facilitate Section 702 surveillance. That same day, the Director of National Intelligence ("DNI") released two statements confirming and addressing the recent disclosures. *See* DNI Statement on Recent Authorized Disclosures of Classified Information (June 6, 2013);[3] DNI Statement on Activities Authorized under Section 702 of

---

[3] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/868-dni-statement-on-recent-unauthorized-disclosures-of-classified-information

FISA (June 6, 2013).[4] Two days later, on June 8, the DNI posted a statement and accompanying three-page "fact sheet," providing further description of surveillance activities under Section 702 of FISA. *See* DNI Statement on the Collection of Intelligence Pursuant to Section 702 of the Foreign Intelligence Surveillance Act (June 8, 2013);[5] DNI, *Facts on the Collection of Intelligence Pursuant to Section 702 of the Foreign Intelligence Surveillance Act* (June 8, 2013).[6] The DNI's statement specifically noted that information within the fact sheet had been "declassified for release" in order to "add necessary context to what has been published." *Id*.

Further public statements were issued by White House, DNI, and National Security Agency ("NSA") officials on June 8, 16, 17, 21, 24, 26. *See, e.g.*, *NBC News* (Andrea Mitchell interview with DNI Clapper, June 8, 2013);[7] ODNI Statement on the Limits of Surveillance Activities (June 16, 2013);[8] Gen. Keith Alexander, Dir. NSA, *Statement to the NSA/CSS Workforce* (June 25, 2013).[9] And Administration officials publicly testified before Congress on June 12, 18, and 19. *See, e.g.*, *Cybersecurity: Preparing for and Responding to the Enduring Threat: Hearing Before the Sen. Comm. on Appropriations*, 112th Cong (June 12, 2013). Over the past month, officials have been able to respond rapidly and publicly to recent disclosures: Defendant provides no reason that it cannot act with similar immediacy here.

---

[4] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/869-dni-statement-on-activities-authorized-under-section-702-of-fisa

[5] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/872-dni-statement-on-the-collection-of-intelligence-pursuant-to-section-702-of-the-foreign-intelligence-surveillance-act

[6] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/872-dni-statement-on-the-collection-of-intelligence-pursuant-to-section-702-of-the-foreign-intelligence-surveillance-act

[7] *Available at* http://video.msnbc.msn.com/msnbc/52144169

[8] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/880-odni-statement-on-the-limits-of-surveillance-activities

[9] *Available at* http://www.nsa.gov/public_info/speeches_testimonies/25jun13_dir.shtml

Indeed, in other litigation, the government has been able to promptly address the effect of recent government confirmations and has accordingly declassified information in light of those confirmations. On June 14, 2013, a communications provider filed a motion with the FISC seeking publication of a decision to which it was a party. *See Provider's Unclassified Motion Under FISC Rule 62 for Publication of this Court's Decision and Other Records*, Dkt. No. 105B(g07-01) (filed June 14, 2013).[10] A mere eleven days later, the government was able to respond and confirm that information the provider sought to disclose had been declassified:

> The Government has already determined that, pursuant to EO 13526 section 3.1(d) and the public interest in disclosure of the information in the Motion and due to specific facts related to Movant and to statements that the Government has made in response to recent unauthorized disclosures, the identity of Movant and its association with this case can now be declassified.

*United States' Response to Provider's Motion Under FISC Rule 62 for Publication of this Court's Decision and Other Records*, Dkt. No. 105B (g07-01), at 1-2 (filed June 25, 2013).[11]

Thus, the government has demonstrated that, when it is in its interest to conduct a prompt classification review to "add necessary context," it does so. DNI Statement on the Collection of Intelligence Pursuant to Section 702 of FISA (June 8. 2013). It has also demonstrated its ability to act nimbly during the course of litigation. Defendant offers no reason — aside from a bare effort to skew public discussion and shield government misconduct from scrutiny — that its reevaluation of its position in this case cannot be done immediately.

---

[10] *Available at* http://www.uscourts.gov/uscourts/courts/fisc/105b-g-07-01-motion-130614.pdf

[11] *Available at* http://www.uscourts.gov/uscourts/courts/fisc/105b-g-07-01-motion-130625.pdf

<u>The Public's Vital Interest in Disclosure of the Opinion Requires Lifting the Stay and Proceeding Immediately with the Case</u>

Since the disclosure of information about the NSA's domestic surveillance program, the media, government officials, and the public have engaged in a broad debate on the scope of the NSA's spying program. Conspicuously absent from that debate has been any discussion of the Opinion at issue in this case.

Despite rapidly declassifying information to provide "necessary context" to respond to public criticism, Administration officials have not seen fit to mention the Opinion or its holding that the government's surveillance violated the Constitution and the "spirit" of federal law. Instead, the Administration has described its Section 702 surveillance as "lawful;" DNI Statement on Recent Unauthorized Disclosures of Classified Information (June 6, 2013); as only implicating the rights and communications of "foreigners located overseas;" ODNI Statement on the Limits of Surveillance Activities (June 16, 2013);[12] and as "implemented with equal and full respect for civil liberties;" Gen. Keith Alexander, Dir. NSA, *Statement to the NSA/CSS Workforce* (June 25, 2013). The Opinion undoubtedly tells a different story.

Indeed, the FISC, itself, saw fit to expeditiously assess — and reject — the government's primary argument for withholding the Opinion in this case: that the FISC's own procedural rules prohibit disclosure. *See* Def's Mot. for Summ. J. at 11-15 (ECF No. 11-1). After having the matter under submission for only five days, the FISC quickly determined to remove any perceived judicial impediment to the Opinion's disclosure. *In re Motion for Consent to Disclosure*, Misc. 13-01 (June 12, 2013).

---

[12] *Available at* http://www.dni.gov/index.php/newsroom/press-releases/191-press-releases-2013/880-odni-statement-on-the-limits-of-surveillance-activities

If FOIA's fundamental purpose — "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed," *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) — is to have any effect, it is in precisely these circumstances that the law must be applied.

Conclusion

Further delay in this case is in neither the public's, nor EFF's, interest. For this reason, EFF respectfully requests the Court lift the stay in the proceedings. EFF asks the Court for an order (a) requiring the government to finalize any declassification determinations by July 12 and to release any non-exempt, responsive records on or before that date; and (b) if any responsive records remain at issue, allowing EFF to file an appropriate dispositive motion on or before July 19, 2013.

**Government's Position**

1. The government requests that the Court's stay remain in place until September 3, 2013 so that the government can assess the impact of the government's recent declassification of information concerning intelligence collection pursuant to Section 702 on both the arguments in the Department's pending Motion for Summary Judgment and the underlying withholdings in this case. This requested stay attempts to strike the appropriate balance between, on the one hand, moving this case forward to a final resolution and, on the other, affording the government sufficient time to coordinate a multi-agency review process currently engaged in an assessment of what additional information, if any, can be declassified consistent with the protection of national security.[13] Because of the national security interests at stake here, the government can neither review

---

[13] Should the Court find it helpful, the government is prepared to submit an *ex parte*, *in camera* declaration in further support for its request for a 60-day extension of the stay.

the five records at issue in this lawsuit in isolation nor rush to judgment on their continued withholding pursuant to FOIA.

2. The government does not believe it would be productive for Plaintiff to purport to oppose the Department's Motion for Summary Judgment or to cross-move for summary judgment until the government addresses whether and to what extent its pending dispositive motion and support thereof were impacted by the events described herein.

3. The government therefore proposes that the parties file, on a before September 3, 2013, a further status report and, if appropriate, a proposed briefing schedule for the pending dispositive motion or any renewed dispositive motion that the government decides to file.

Date: July 1, 2013                                   Respectfully submitted,

                                               /s/ David L. Sobel
                                               DAVID L. SOBEL
                                               D.C. Bar No. 360418
                                               Electronic Frontier Foundation
                                               1875 Connecticut Avenue, N.W., Suite 650
                                               Washington, DC 20009
                                               (202) 797-9009
                                               MARK RUMOLD
                                               (Admitted in California)
                                               Electronic Frontier Foundation
                                               815 Eddy Street
                                               San Francisco, CA 94109
                                               (415) 436-9333

                                               **Counsel for Plaintiff**


                                               STUART F. DELERY
                                               Acting Assistant Attorney General
                                               Civil Division

                                               ELIZABETH J. SHAPIRO
                                               Deputy Branch Director,
                                               Federal Programs Branch

                                               /s/ Jacqueline Coleman Snead

JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-3418

**Counsel for the Department of Justice**

11