**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 12-01441 (ABJ) |
| DEPARTMENT OF JUSTICE, | ) ) |
| Defendants | ) ) |

**MEMORANDUM OPINION**

Pending before the Court are defendant Department of Justice's renewed motion for summary judgment and plaintiff Electronic Frontier Foundation's cross-motion for summary judgment.  Def.'s Mem. in Supp. of Def.'s Renewed Mot. for Summ. J.  ("Def.'s Mem.") [Dkt. # 16-1]; Pl.'s Mot. for Summ. J. ("Pl.'s Mem.") [Dkt. # 19].  The sole issue presented is whether defendant properly redacted portions of an October 2011 Foreign Sovereign Intelligence Court ("FISC") Opinion that it produced in response to plaintiff's Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 (2012), request.  Defendant argued that the information is properly redacted and withheld under FOIA Exemption 1 because it is classified or, alternatively, under FOIA Exemption 3 because four statutes prohibit disclosure of that information.  Def.'s Mem. at 12–26.

By the time the Court got involved in this matter, the legal opinion in question had been almost entirely released to the public.  After the parties filed their renewed motions for summary judgment and again in July in response to questions posed by the Court, defendant notified the Court that it would release some of the information that had been previously withheld, thereby

reducing the remaining number of contested redactions.  Because the Court finds that defendant met its burden to show that the very limited number of remaining redactions are proper under FOIA Exemption 1, the Court will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

## BACKGROUND

Plaintiff Electronic Frontier Foundation is a not-for-profit corporation that works to keep the public informed about civil liberties issues relating to technology.  Compl. ¶ 3 [Dkt. # 1]. On July 26, 2012, it submitted a FOIA request to defendant's National Security Division ("NSD"), asking for documents relating to the government's collection of foreign intelligence pursuant to section 702 of the Foreign Intelligence Surveillance Act of 1978 ("FISA"), as amended in 2008 by the FISA Amendment Act of 2008.   50 U.S.C. § 1881a *et seq.* (2012). Plaintiff's FOIA request came on the heels of the government's decision in 2012 to declassify four statements about its section 702 activities.  Def.'s Mem. at 1.

Section 702 of U.S. Code title 50 provides the Attorney General of the United States and the Director of National Intelligence with the authority to "authorize jointly, for a period of up to 1 year from the effective date of the authorization, the targeting of persons reasonably

believed to be located outside the United States to acquire foreign intelligence."[1]  50 U.S.C. § 1881a(a).  But before they may implement an authorization, the Attorney General and Director of National Intelligence must submit to FISC a written certification and supporting affidavit, attesting that the authorization complies with the limitations of section 1881a(b) as well as the minimization procedures, targeting procedures, and compliance guidelines that have been adopted.  *Id.* § 1881a(g)(1)–(2)(A).  If the FISC determines that the certification is lacking in any way, it can order the government to correct any deficiency identified, or it can order the government to "cease, or not begin, the implementation of the authorization for which [the]

---

1      This authority is not without limit.  Subsection (b) provides:

An acquisition authorized under subsection (a) –

(1) may not intentionally target any person known at the time of acquisition to be located in the United States;

(2) may not intentionally target a person reasonably believed to be located outside the United States if the purpose of such acquisition is to target a particular, known person reasonably believed to be in the United States;

(3) may not intentionally target a United States person reasonably believed to be located outside the United States;

(4) may not intentionally acquire any communication as to which the sender and all intended recipients are known at the time of the acquisition to be located in the United States; and

(5) shall be conducted in a manner consistent with the fourth amendment to the Constitution of the United States.

50 U.S.C. § 1881a(b).  And subsection (c) requires the Attorney General, in consultation with the Director of National Intelligence, to adopt and implement minimization procedures, targeting procedures, and compliance guidelines to ensure that the government abides by the limitations set in subsection (b).  *Id.* § 1881a(c).

certification was submitted." *Id.* § 1881a(i)(3)(B)(i)–(ii).  FISC creates a written explanation of the reasons for its determination that it issues with every order it enters.[2]

Plaintiff hoped to obtain those written explanations and orders dealing with section 702, as well as reports to Congress about those documents, through its 2012 FOIA request. Specifically, plaintiff asked for the following categories of documents:

> 1. Any written opinion or order, as described in the statement quoted above, in which "the Foreign Intelligence Surveillance Court held that some collection carried out pursuant to the Section 702 minimization procedures used by the government was unreasonable under the Fourth Amendment;"
>
> 2. Any written opinion or order, as described in the statement quoted above, reflecting or concerning a FISC determination that "the government's implementation of Section 702 of FISA has sometimes circumvented the spirit of the law;" and,
>
> 3. Any briefing provided to the Senate Select Committee on Intelligence or the House Permanent Select Committee on Intelligence concerning the FISC opinions or orders, described in items (1) and (2) above.

Def.'s Statement of Material Facts not in Genuine Dispute ("Def.'s SOF") ¶ 1 [Dkt. # 16-4]; *see also* Pl.'s Statement of Material Facts not in Dispute & Resp. to Def.'s SOF ("Pl.'s SOF") ¶ 1 [Dkt. # 19-5].

Approximately a month after submitting its FOIA request, plaintiff filed the complaint in this case, seeking injunctive relief that would result in the expedited processing and release of records responsive to its request.  Compl. ¶ 1.  The parties devised a processing and production schedule and, on January 3, 2013, defendant notified plaintiff that it had located five responsive documents:

---

2       Section 702 was supposed to sunset at the end of 2012, but Congress extended the FISA Amendment Act of 2008 until December 31, 2017.  *See* Pub. L. No. 112-238, 126 Stat. 1631 (2012).

- an October 2011 FISC order;

- the redacted copy of the same FISC order that was provided to Congress pursuant to 50 U.S.C. § 1871;

- a classified white paper prepared for Congress, only one paragraph of which was responsive to plaintiff's FOIA request;

- a Joint Statement Before the Permanent Select Committee on Intelligence, U.S. House of Representatives, one section of which was responsive to plaintiff's request; and

- a Joint Statement Before the Senate Select Committee on Intelligence, one section of which was responsive.

Def.'s SOF ¶ 2; Pl.'s SOF ¶ 1.

Defendant withheld the first two documents in full pursuant to FOIA Exemptions 1 and 3, and it redacted all of the responsive portions of the remaining three documents under the same exemptions. Def.'s Mem. at 1; Pl.'s Mem. at 4. Defendant then filed a motion for summary judgment, arguing that its withholdings were proper under the invoked FOIA exemptions because of the documents' classification levels at that time. *See* Def.'s Mot. for Summ. J. [Dkt. # 11] (withdrawn pursuant to notice filed Sept. 5, 2013); *see also* Def.'s Mem. at 8; Pl.'s Mem. at 4.

While the motion for summary judgment was pending, in June 2013, Edward Snowden – a former government contractor – leaked to media outlets thousands of classified documents relating to the U.S. government's intelligence surveillance programs, triggering a firestorm of public commentary and enhanced scrutiny of our nation's surveillance practices. In response, President Obama ordered the Director of National Intelligence to review and declassify all the information that could be disclosed without harming national security in an effort to enhance transparency and regain the public's trust. *See* Def.'s SOF ¶ 3; Pl.'s SOF ¶ 2; Def.'s Mem. at 2, 9. On August 21, 2013, the government posted that newly declassified information – some of

which was contained in the five documents that are responsive to plaintiff's FOIA request – on the website www.dni.gov.  Def.'s SOF ¶¶ 2, 4; Pl.'s SOF ¶¶ 1–2; Def.'s Mem. at 2, 9.

Faced with a sudden change in the status of some of the information that it previously withheld in processing plaintiff's FOIA request, defendant withdrew its pending motion for summary judgment and reprocessed the five responsive documents.  Def.'s Mem. at 2, 9.  On the same day the government posted the newly declassified information on the internet, defendant produced to plaintiff redacted copies of the five responsive documents.  It explained that any remaining redactions covered information that continued to be classified in the wake of the recent declassifications and was therefore still exempt under FOIA Exemptions 1 and 3.  Def.'s SOF ¶ 4; Pl.'s SOF ¶ 1, Def.'s Mem. at 9; Pl.'s Mem. at 6; *see also* Def.'s SOF ¶ 7 ("As part of a recent declassification review of information concerning Section 702 intelligence collection, the government conducted a line-by-line review of the information in the October 2011 Opinion.").  Plaintiff accepted that position with respect to four of the five documents, and it notified defendant that it would challenge only the redactions in the first document, the October 2011 FISC opinion.[3]  Def.'s SOF ¶ 5; Pl.'s SOF ¶ 1; *see also* Pl.'s Mem. at 1–2; Def.'s Mem. at 10.  Of the opinion's eighty-one pages, approximately half of the pages contained less than a line of redacted text, and included in that count is twenty-five pages that contained no redactions at all.  *See* 2011 FISC Opinion (Redacted), Ex. A to Pl.'s Mem. ("Oct. 11 FISC Op.") [Dkt. # 19-1].

The parties subsequently filed the cross-motions for summary judgment that are now before the Court, and the sole issue raised in those motions is whether FOIA Exemption 1 and 3 justify defendant's withholding of the redacted information in the October 2011 FISC Opinion.

---

3       But plaintiff does not challenge the withholdings to the extent that the information redacted is the name of individuals or companies, including communications service providers.  Def.'s SOF ¶ 5; Pl.'s SOF ¶ 1.

Plaintiff acknowledged that the withholding of the redacted information might ultimately be justified, but it took the position that the Court should not rely solely on defendant's affidavits and should instead conduct *in camera* review of the document.  Pl.'s Mem. at 2 ("[S]ome redactions still appear calculated not to protect legitimate national security interests, but to shield government agencies and officials from embarrassment and to prevent further public scrutiny of controversial government surveillance practices."); *see also id.* at 10–15.  Defendant argued that *in camera* review was unnecessary, and it stated that the Court could properly rely solely on the government's affidavits to find in its favor.  Def.'s Reply in Supp. of Def.'s Renewed Mot. for Summ. J. & Opp. to Pl.'s Mem. ("Def.'s  Reply") at 2–10 [Dkt. # 22] (asserting that plaintiff has not demonstrated that defendant acted in bad faith in redacting the information in the October 2011 FISC opinion).

Although it is true that the Court, "in conducting *de novo* review in the context of national security concerns, . . . 'must accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record,'" *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007), quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984), it remains within the Court's discretion to conduct an *in camera* review of the withheld material – regardless of whether there is bad faith – in order to make a responsible *de novo* determination on the claims of exemption. *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978).  Finding that *in camera* review would assist the Court in making a determination in this case, the Court ordered defendant to produce an unredacted version of the October 2011 FISC opinion for inspection.  Mar. 25, 2014 Minute Order.

After it conducted its *in camera* review, the Court called for additional information from defendant that related to the question of whether the redactions were justified on national

security grounds.  *See* June 11, 2014 Minute Order.  Specifically, on June 11, 2014, the Court ordered defendant to explain why purely numerical docket information redacted on multiple pages could not be disclosed, and it ordered the defendants to provide further information concerning twelve specific redactions:

(1) why, in light of the unredacted paragraph that begins on page three, any reference to the number of previous acquisitions in the opinion needs to be withheld;

(2) why the material in the 10th line of the first paragraph in section I.A on page 3 is classified, taking into consideration the rest of the sentence that has already been disclosed and what is disclosed in footnote 17 on page 18;

(3) the reason why the end of footnote 9 is redacted;

(4) the reason for the redaction of the reference that is not a docket number within lines 2-4 at the top of page 16;

(5) the reason for the redactions other than docket numbers on page 23;

(6) the reason for the redaction on page 24;

(7) the reason for the redaction on page 25;

(8) the reason for the redaction in footnote 49 on page 54;

(9) the reason for the redaction in the 5th line of the first paragraph under section B;

(10) the reason for the redacted lines at the bottom of page 21 and onto page 22;

(11) the reason for the redactions, other than the docket numbers, in the first full paragraph on page 22 beginning with "Furthermore;" and

(12) the reason for the [redactions] on page 73.

June 11, 2014 Minute Order.

Defendant responded to the Court's June 11, 2014 Order by filing an *ex parte* submission that was reviewed by the Court on July 15, 2014.  As part of its efforts to respond to the Court's

questions, defendant reviewed the FISC opinion and the redactions again, and defendant decided to lift many of the previous redactions and disclose the information that was the subject of some of the Court's questions. Specifically, defendant withdrew its withholding of the information referred to in questions 2, 3 (with the exception of the docket number information), 4, 5, 6, 7, 8, 9, 10, and 12, as well as part of the information in question 11. Therefore, there is no need to address defendant's previous withholding of that information.

## STANDARD OF REVIEW

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) (citations omitted). Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing whether the moving party is entitled to judgment as a matter of law, the Court "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

In a FOIA case, "the burden is on the agency to sustain its action," and the district court must determine the matter *de novo*. 5 U.S.C. § 552(a)(4)(B); *see also Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To satisfy its burden to show the applicability of an exemption, an agency may rely on detailed affidavits, declarations, a *Vaughn* index, in camera review, or a combination of these tools." *Comptel v. FCC*, 910 F. Supp. 2d 100, 111 (D.D.C. 2012). The agency must be specific enough in its explanation for the court to determine "why a

particular exemption is relevant," and the agency must correlate its exemption "claims with the particular part of the withheld document to which they apply." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf*, 473 F.3d at 374–75.

## ANALYSIS

Although Congress enacted FOIA in an effort "to ensure an informed citizenry," which is "vital to the functioning of a democratic society" and "needed to check against corruption and to hold the governors accountable to the governed," *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978), it also recognized that "legitimate governmental and private interests could be harmed by release of certain types of information." *FBI v. Abramson*, 456 U.S. 615, 621 (1982). Congress therefore created "nine specific exemptions under which disclosure could be refused," despite the agency and documents otherwise being subject to FOIA. *Id.* To properly balance the competing interests of an informed citizenry with the need to protect governmental and private interests, the nine FOIA exemptions "must be narrowly construed," *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976), while still "hav[ing] meaningful reach and application." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

In this case, defendant invoked FOIA Exemptions 1 and 3 to justify its continued withholding of the minimal number of redactions remaining in the October 2011 FISC opinion. Def.'s Mem. at 1; Pl.'s Mem. at 4.

The first FOIA exemption provides that the statute's disclosure requirements do not apply to matters that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Defendant points to

Executive Order No. 13526, "Classified National Security Information," to justify its redactions

in the October 2011 FISC Opinion.  Def.'s Mem. at 12.

> Section 1.1(a) of that Executive Order provides that information may be classified if:
>
>> (1) an original classification authority is classifying the information;
>>
>> (2) the information is owned by, produced by or for, or is under the control of the United States Government;
>>
>> (3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and
>>
>> (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

Exec. Order No. 13526, 75 Fed. Reg. 707, 707 (Dec. 29, 2009).   The categories under section

1.4 of Executive Order No. 13526 include information that pertains to, among other things,

"intelligence activities (including covert action), intelligence sources or methods, or cryptology"

and "vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or

protection services relating to the national security."  *Id.*

Plaintiff does not challenge that the first two prongs of Executive Order No. 13526 are

satisfied in this case.  Pl.'s Mem. at 15–23.  Instead, it challenges only defendant's position that

all redacted information in the FISC opinion falls into one of the categories listed in section 1.4

of that order as well as defendant's position that releasing that information would impact national

security.  *Id.*  Moreover, plaintiff contends that at least some of that information was never

properly classified under the Executive Order because section 1.7 of that order prohibits

classification of information in order to "conceal violations of the law, inefficiency, or

administrative error" or to "prevent embarrassment to a person, organization, or agency," and

defendant's actions in withholding information are, at least in part, motivated by a desire to avoid further embarrassment.  Pl.'s Mem. at 20, quoting 75 Fed. Reg. at 710.

As noted above, the Court conducted an *in camera* review of the unredacted October 2011 FISC Opinion, and it reviewed defendant's *ex parte* response to the targeted questions the Court propounded in its June 11, 2014 Minute Order.  Based on its review of those documents, the Court finds that none of the remaining redactions appear to be for an improper purpose, such as to shield embarrassing information from the public.  The overwhelming majority of the redactions are simply docket information identifying prior applications and opinions by either number or date.[4]  None of these redactions, nor any of the other redactions, operate to withhold material that would show any violation of law, inefficiency, or administrative error.  Indeed, material in the opinion that is critical of the government's conduct has been declassified and made public.  *See, e.g.*, Oct. 11 FISC Op. at 8, 15, 16 n.14, 28, and 45.

The Court also finds that defendant met its burden to justify continued withholding of the very limited number of remaining redactions under FOIA Exemptions 1.  The information has been properly classified under Executive Order No. 13526, and giving defendant the deference it is owed on matters of national security, *see Wolf*, 473 F.3d at 374, the Court finds that defendant met its burden to show that "disclosure of the information reasonably could be expected to result in damage to the national security."  75 Fed. Reg. at 707.

Specifically, the Court finds that the following redactions are proper:

- the docket number information contained throughout the opinion;

- references to the number of previous acquisitions described in question 2 of the June 11, 2014 Minute Order;

---

4  This category includes all of the redactions on pages 1–2, 6–9, 11–13, 15, 19, 28, 42, 44, 7, 70, 72, 77, and 79 of the opinion and pages 1–2 of the order.  *See* Oct. 11 FISC Op.  It also includes many of the redactions found on pages 3–5, 10, 16–18, 22–23, 30, 36, 68, 75, and 80.

- the portion in question 11 of the June 11, 2014 Minute Order that remains redacted after defendant's July 11, 2014 submission of its supplemental *ex parte* explanation in response to the Court's June 11 Minute Order;

- the information on pages 4, 20, 26–27, 30–31, 33, 36, 43, 47–48, 57, and 80 of the FISC opinion;

- the information in footnote 16 that spans pages 17–18 of the FISC opinion:

- the information at the top of page 21 of the FISC opinion;

- the information in footnote 33 on page 35 of the FISC opinion;

- the information in footnote 42 on page 40 of the FISC opinion;

- the information in footnote 53 on page 58 of the FISC opinion;

- the information in footnote 57 on page 63 of the FISC opinion;

- the information in the three lines at the bottom page 68 of the FISC opinion; and

- the redaction on page 3 of the FISC order.

Because the limited remaining redactions are all properly withheld under FOIA Exemption 1, defendant is entitled to judgment as a matter of law, and the Court need not address the applicability of Exemption 3.

## CONCLUSION

For the reasons stated above, the Court finds that the few redactions that remain in the October 2011 FISC Opinion – after defendant's latest review and release of information in response to the Court's June 11, 2014 Minute Order – contain information that is properly classified. The Court also finds that defendant met its burned to show that release of such information could reasonably be expected to damage our country's national security. As a result, the limited remaining redactions are properly withheld under FOIA Exemption 1. The Court will therefore grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 18, 2014