Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 12-1441-ABJ |
| DEPARTMENT OF JUSTICE, ) | Filed *Ex Parte, In Camera* |
| Defendant. ) | |

ELECTRONIC FRONTIER
FOUNDATION,

    Plaintiff,

    v.

DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 12-1441-ABJ

Filed *Ex Parte, In Camera*

### (U)  CLASSIFIED SUPPLEMENTAL DECLARATION OF JENNIFER L. HUDSON, DIRECTOR, INFORMATION MANAGEMENT DIVISION, OFFICE OF THE CHIEF INFORMATION OFFICER, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE

(U)  Pursuant to 28 U.S.C. § 1746, I, Jennifer L. Hudson, declare the following to be true and correct:

1.    (U)  I am the Director of the Information Management Division of the Office of the Chief Information Officer for the Office of the Director of National Intelligence.  My background and credentials are set forth in paragraphs 1-4 of my September 4, 2013 declaration submitted in support of the government's Cross-Motion for Summary Judgment in this action.

2.    (U)  I submit this classified, *ex parte* and *in camera* declaration in further support of that motion and in response to the Court's Minute Order of June 11, 2014 seeking further explanation of specific withholdings from the October 3, 2011, Foreign Intelligence Surveillance Court Memorandum Opinion (the "Bates Opinion") at issue in this action.

Derived From: Multiple Sources
Declassify On: 20391231

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

## I.   DECLASSIFICATION INITIATIVE

3.      (U)  As noted in my September 4, 2013, declaration, paragraphs 15-21, on or

about June 6, 2013, *The Guardian* and *The Washington Post* published articles and documents

received from former NSA contractor Edward Snowden.  This unprecedented, unauthorized

disclosure of TOP SECRET documents and parts of documents touched on some of the

government's most sensitive national security programs, including highly classified and ongoing

signals intelligence collection programs.

4.      (U)  These unauthorized disclosures included classified information regarding

Section 702 of the Foreign Intelligence Surveillance Act (50 U.S.C. § 1881a).  Although the

existence of this authority is set forth publicly in statutory provisions and, as stated below,

certain information about the program has been declassified, certain information remains

properly classified.

5.      (U)  In order to correct misinformation flowing from the unauthorized disclosures,

and to reassure the American public as to the numerous safeguards that protect privacy and civil

liberties, the DNI ordered the declassification of certain information regarding the collection

program authorized under Section 702, as well as other programs.  *See, e.g.*, DNI Statement on

Recent Unauthorized Disclosures of Classified Information (June 6, 2013);[1] DNI Statement on

Activities Authorized under Section 702 of FISA (June 6, 2013);[2] DNI Statement on the

Collection of Intelligence Pursuant to Section 702 of the Foreign Intelligence Surveillance Act

---

[1] (U) *Available at* http://www.dni.gov/index.php/newsroom/press-release/191-press-releases-
2013/868-dni-statement-on-recent-unauthorized-disclosures-of-classified-information.

[2] (U) *Available at* http://www.dni.gov/index.php/newsroom/press-release/191-press-releases-
2013/869-dni-statement-on-activities-authorized-under-section-702-of-fisa.

TOP SECRET//SI//ORCON/NOFORN

TOP SECRET//SI//ORCON/NOFORN

(June 8, 2013).[3]

6.      (U)  In addition, to reassure the American people that the Section 702 program is

lawfully authorized and operated, and to inform the public discussion surrounding it, on June 20,

2013, the President directed the DNI to continue to review whether further information can be

declassified, and to reassess the extent to which there may be information that can be released

regarding the legal rationale, protections, and nature of the oversight of this surveillance

program, consistent with the interests of national security.  To that end, the DNI was directed to

review the FISC opinions and filings relevant to the program to determine what information can

be declassified.

7.      (U)  The government has since engaged in a large-scale, multi-agency review

process, led by ODNI, to determine what further information concerning the Section 702 and

other surveillance programs could be declassified and released, consistent with the national

security, for the purposes of restoring public confidence, fostering public debate, and providing

the public with a clear understanding of the legal rationale and protections surrounding such

programs.  This is a policy decision that must be weighed and decided at the highest levels of

government.

8.      (U)  The complexity of this review cannot be overstated.  Each component of the

national security community must consider each piece of information identified for possible

declassification and anticipate the ramifications that such declassification might have on its

operations, including the ability to gather intelligence in the future.  This consideration must take

into account not only the universe of currently classified information, but all the information that

---

[3] (U) *Available at* http://www.dni.gov/index.php/newsroom/press-release/191-press-releases-
2013/872-dni-statement-on-the-collection-of-intelligence-pursuant-to-section-702-of-the-foreign-
intelligence-surveillance-act.

TOP SECRET//SI//ORCON/NOFORN

TOP SECRET//SI//ORCON/NOFORN

is already in the public domain, and how additional disclosures might allow our adversaries to fit

new pieces of information together with those already in the public domain to create an even

more revealing picture of our nation's intelligence capabilities, including its signals intelligence

capabilities.

        9.     (U) Over the course of the ongoing declassification initiative, some information

that was properly classified when the government initially responded to the FOIA request at

issue in this action, when the government filed its cross-motion for summary judgment, and

when the government submitted the unredacted copy of the Bates Opinion *ex parte* and *in*

*camera* has now been declassified and disclosed as a matter of discretion in the public interest.

Although we have attempted to update the redactions applied to the document at issue in this

case as the declassification of other information has occurred, the interagency transparency

initiative operates independently of this and other pending litigation.  Moreover, the intelligence

community is spread very thin in responding to the many issues that have arisen in the wake of

the unauthorized disclosures described above, including operational issues.  Accordingly, as

explained below, some information identified by the Court has been declassified, in most cases

after the government submitted its motion for summary judgment to the Court.  An updated

version of the Bates Opinion reflecting those declassifications is attached hereto and that version

will replace the one previously posted on http://icontherecord.tumblr.com.  The redacted

information in the attached version of the Bates Opinion continues to be, as of the date of this

declaration, properly classified.  However, as a result of the still ongoing transparency initiative,

additional information may become unclassified at a later date.

        10.    (U) For the Court's ease of reference, I have organized the rest of this

supplemental declaration according to the Court's June 11, 2014, Minute Order.

TOP SECRET//SI//ORCON/NOFORN

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

II.   (U) GLOBAL QUESTION - Why is the sort of purely numerical information from the docket numbers/dates not able to be disclosed as long as any reference to particular targets remains classified?

11.   (S//NF) Disclosing the redacted docket numbers and dates would reveal ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12.   (S//NF) Although the government has discussed publicly, in general terms, that, under Section 702, it targets foreign governments, groups engaged in international terrorism, and groups involved in the proliferation of weapons of mass destruction ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13.   (TS//SI//NF) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[4] (S//NF) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

TOP SECRET//SI//ORCON/NOFORN

14.   (S//NF) The docket information, specifically ███████████████

█████████ would fall within three of the enumerated classification categories in Executive Order 13526: section 1.4(b), which includes foreign government information; section 1.4(c), which includes intelligence activities, sources, and methods; and section 1.4(g), which includes vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to national security.  Accordingly, this information should remain redacted and protected from release under FOIA exemption (b)(1).

15.   (S//NF) Additionally, this information is protected from release by section 6 of the National Security Agency Act of 1959, 50 U.S.C. § 3605, which states that, "nothing in this Act or any other law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency, or any information with respect to the activities thereof . . . ." ████████████████████████

NSA's core functions and activities: the collection; processing; analyzing; producing; and disseminating of signals intelligence for national foreign intelligence purposes, counterintelligence purposes, and support of military operations. ████████████

████████████████████████ reveal information that relates to "any function" or "the activities" of the NSA.  Congress expressly protected such information in Section 6 of the NSA Act, and FOIA exemption (b)(3) serves to ensure that congressional judgment is not implicitly overridden by the FOIA.  Similarly, because this information would

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

reveal intelligence collection sources and methods it is protected from disclosure by section

102A(i) of the National Security Act of 1947, and is thus subject to FOIA exemption (b)(3).

III.   (U) QUESTION 1 – Why, in light of the unredacted paragraph that begins on
page three, any reference to the number of previous acquisitions in the opinion
needs to be withheld?

16.   (S//NF)



As a result, other references to the number of prior certifications are

properly classified as SECRET, and protected by section 6 of the National Security Agency Act

and section 102A(i) of the National Security Act of 1947.  Because this information would reveal

intelligence collection sources and methods it is protected from disclosure by section 102A(i) of

the National Security Act of 1947.  Accordingly, the other references to the number of prior

Section 702 certifications should remain redacted and protected from release under all applicable

FOIA exemptions (b)(1) and (b)(3).

IV.   (U) QUESTION 2 - Why is the material in the 10th line of the first paragraph in
section 1.A on page 3 (i.e., the phrase ", and the Director of the Central
Intelligence Agency ('CIA'):") classified, taking into consideration the rest of the
sentence that has already been disclosed and what is disclosed in footnote 17 on

7

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

page 18?

17.     (U) Prior to the August 2013 release of the Bates Opinion, even the fact of CIA's

involvement in the Section 702 collection program was properly classified.  The initial review of

redactions to the Bates Opinion was undertaken in light of this classified fact.  In August 2013,

just prior to the release of the redacted Bates Opinion, the fact of the CIA's involvement in the

Section 702 collection program was declassified pursuant to the transparency initiative discussed

above in paragraphs 3-9.  This was prior to the public release of the redacted Bates Opinion.  It

appears that in finalizing the review of the Bates Opinion and removing certain redactions based

on this declassification, the redaction referred to in this question was inadvertently overlooked.

Therefore, this redaction was mistakenly applied and the redaction has now been lifted on the

following: ", and the Director of the Central Intelligence Agency ('CIA')".[5]

V.      (U) QUESTION 3 - Why is the end of footnote 9 redacted?

18.     (S) As explained in paragraph 17, *supra*, the CIA's involvement in the Section

702 collection program was properly classified prior to the August 2013 release of the Bates

Opinion.  Consequently, the reference at the end of Footnote 9 of the Bates Opinion to the

"Affidavit of Leon E. Panetta, Director, CIA (attached to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮" was also properly classified prior to the August 2013 release of the Bates

Opinion.  However, when the CIA's involvement in the Section 702 program became

declassified in August, 2013, the fact that the Director of the CIA submitted affidavits also

became declassified.  It appears that in finalizing the review of the Bates Opinion and removing

certain redactions based on this declassification, the redaction referred to in this question was

---

[5] (U) A revised version of the Bates Opinion reflecting the lifted redactions described in this declaration is attached
as Exhibit 1 and will be posted to http://icontherecord.tumblr.com.

TOP SECRET//SI//ORCON/NOFORN

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

inadvertently overlooked.  Therefore, this redaction was mistakenly applied and the redaction has

now been lifted on the following: "Affidavits of Leon E. Panetta, Director, CIA".[6]

19.    (S)  The language in the parentheses following the reference to Director Panetta,

however, should remain redacted.  As explained above in paragraphs 11-15, *supra*, references to

the docket numbers and dates (i.e. ███████████████████ remain

properly classified as SECRET, and protected by section 6 of the National Security Agency Act.

Similarly, because this information would reveal intelligence collection sources and methods it is

protected from disclosure by section 102A(i) of the National Security Act of 1947.

Accordingly, this information continues to be redacted and protected from release under FOIA

exemptions (b)(1) and (b)(3).

VI.    (U) QUESTION 4 - What is the reason the reference that is not a docket number
       (i.e., the reference to the Director of NSA) is redacted within lines 2-4 on the top
       of page 16?

20.    (U)  The reference to the "Declaration of Director of NSA at 20-22" was redacted

from the Bates Opinion because the NSA generally protects the names of its declarants pursuant

to section 6 of the National Security Agency Act of 1959, 50 U.S.C. § 3605, which provides that,

"nothing in this Act or any other law . . . shall be construed to require the disclosure of . . . the

names, titles, salaries, or number of persons employed by [the NSA]."  Given the DNI's

declassification decision in August 2013, which accompanied the public release of a number of

documents pertaining to Section 702, including the Bates Opinion, the fact of a declaration from

the Director of NSA was no longer exempt from public release.  However, the redaction referred

to in this question was inadvertently not removed when the government processed this opinion

---

[6] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.

TOP SECRET//SI//ORCON/NOFORN

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

for the August 21, 2013, release. Therefore, this redaction was mistakenly applied, and the

redaction has now been lifted on the following: "Declaration of Director of NSA, at 20-22."[7]

VII.   (U) QUESTION 5 - What is the reason for the redactions other than docket
       numbers on page 23 (i.e., references to the FBI's Standard Minimization
       Procedures for Electronic Surveillance and Physical Search)?

21.    (U)  The reference to the "Standard Minimization Procedures for FBI Electronic

Surveillance and Physical Search conducted under the Foreign Intelligence Surveillance Act

("FBI SMPs")" was redacted from page 23 of the Bates Opinion because the fact that those

procedures contained a provision allowing queries of unminimized FISA-acquired information

using identifiers, including U.S. person identifiers, when such queries were designed to yield

foreign intelligence information was properly classified. This information was classified because

it referenced corresponding provisions in the NSA's SMPs, which had been classified as well.

Now that the NSA SMPs have been declassified, it is appropriate to declassify the FBI SMPs.

22.    (U)  As part of the transparency initiative discussed in paragraphs 3-9, *supra*, that

information has been declassified this summer. Therefore, the redaction of "The Standard

Minimization Procedures for FBI Electronic Surveillance and Physical Search conducted under

the Foreign Intelligence Surveillance Act ('FBI SMPs')" has been lifted. In addition, the

redactions to "See FBISMP III.D" and "FBI SMPS" on page 23 of the Bates Opinion have been

lifted.[8]

23.    (U)  The fourth sentence of the paragraph beginning "This relaxation . . ." on page

23 of the Bates Opinion, which describes the "hundreds of" applications for electronic

surveillance and physical searches, also was properly classified because it provided insight into

how frequently the FBI used certain techniques, and by extension, their effectiveness. However,

---

[7] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.
[8] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.

TOP SECRET//SI//ORCON/NOFORN

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

pursuant to the ongoing transparency initiative discussed in paragraphs 3-9, *supra*, this

information has been declassified this summer and the associated redactions have been lifted.[9]

VIII.   (U) QUESTION 6 - What is the reason for the redaction on page 24 (i.e., the reference to the FBI)?

24.   (U) *See* paragraphs 21-22, *supra*.  The references to the "FBI" have been

declassified and their redactions removed.[10]

IX.   (U) QUESTION 7 - What is the reason for the redaction on page 25 (i.e., references to the CIA's minimization procedures)?

25.   (U) The details about the CIA's Amended Minimization Procedures that are

redacted from page 25 of the Bates Opinion previously were properly classified.  Although the

fact of the CIA's involvement in Section 702 collection was declassified just prior to the release

of the Bates opinion in August, 2013, most of the details of the CIA's Amended Minimization

Procedures – including the details referenced here – remained classified at the time the Bates

Opinion was released.  However, in late June, 2014, pursuant to the transparency initiative

discussed above in paragraphs 3-9, the CIA declassified a number of details regarding its

minimization procedures.  Therefore, the redactions regarding the CIA's minimization

procedures on pages 25, 26, and 27 have been removed.[11]

X.   (U) QUESTION 8 - What is the reason for the redaction in footnote 49 on page 54 (i.e., the reference to the CIA)?

26.   (U) *See* Response to Question 2, *supra*.  Previously, the CIA's involvement in the

Section 702 collection program was properly classified.  However, since August, 2013, the

CIA's involvement has been declassified.  Apparently, in reprocessing the Bates Opinion after

declassification of this particular fact, the redaction referenced here was inadvertently not

---

[9] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.
[10] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.
[11] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.

TOP SECRET//SI//ORCON/NOFORN

Content:

Approved for public release by the DNI 20140731



29.    (TS//SI//OC/NF)

30.    (TS//SI//OC/NF)

falls within the following categories of information that may be classified under E.O. 13526: section 1.4(c), which includes intelligence activities sources, and methods; and section 1.4(g), which includes vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security.

31.    (TS//SI//OC/NF)

is also protected from release by section 6 of the National Security Agency Act of 1959.

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

the NSA's core mission – collecting signals intelligence.  Similarly, because this information

would reveal intelligence collection sources and methods it is protected from disclosure by

section 102A(i) of the National Security Act of 1947.  Accordingly, this information should

remain redacted and protected from release under FOIA exemptions (b)(1) and (b)(3).

XII.   (U) QUESTION 10 - What is the reason for the redacted lines at the bottom of
       page 21 and onto page 22?

   32.      (S) The information in the sentence at the bottom of page 21 and continuing onto

page 22 of the Bates Opinion that



   33.   (S)



Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

34.    (S) The redacted information falls within the category of classified information found in E.O. 13526, section 1.4(c), which includes intelligence activities, sources, and methods. Disclosing this information could reasonably be expected to cause serious damage to the national security because, as described in paragraphs 32 and 33, *supra* ████████████████

████████████████████████████████████████████████████████

██████████ Because this information would reveal intelligence collection sources and methods it is protected from disclosure by section 102A(i) of the National Security Act of 1947. Accordingly, this information should remain redacted and protected from release under FOIA exemptions (b)(1) and (b)(3).

XIII.    (U) QUESTION 11 - What is the reason for the redactions other than the docket numbers in the first full paragraph on page 22 beginning with "Furthermore"?

35.    (TS//SI//OC/NF) Releasing references to ████████████████ in the redactions taken in the paragraph beginning "Furthermore" on page 22 of the Bates Opinion (i.e., the phrases ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

36.    (TS//SI//OC/NF) The remaining portion of the sentence, except for ████████████ ████████████ can now be unredacted.  Previously, the existence of the FBI's targeting procedures under Section 702, and their operational relationship to the NSA

15

Section 702 targeting procedures was properly classified.  However, pursuant to the transparency initiative discussed above in paragraphs 3-9, this information has been declassified.  Therefore, the redaction of "FBI targeting procedures may apply in addition to the NSA targeting procedures" and the redaction of "the NSA targeting procedures" have been removed.[13]

37.  (TS//SI//OC/NF)  The reference to ███████████ falls within the categories of classified information found in E.O. 13526, section 1.4(c), which includes intelligence activities, sources, and methods, and section 1.4(g), which includes vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security.  Disclosing this information could reasonably be expected to cause exceptionally grave damage to the national security because, as described in paragraph 35, *supra*, it would provide our nation's adversaries information ███████████

███████████  Similarly, because this information would reveal intelligence collection sources and methods it is protected from disclosure by section 102A(i) of the National Security Act of 1947.  Accordingly, this information should remain redacted and protected from release under FOIA exemptions (b)(1) and (b)(3).

XIV.  (U) QUESTION 12 - What is the reason for the redactions on page 73?

38.  (TS//SI//OC/NF)  The disclosure of the phrase ███████ which is redacted from page 73 of the Bates Opinion ███████████

[13] (U) This is reflected in the revised version of the Bates Opinion attached as Exhibit 1.

39.   (TS//SI//OC/NF)  As described above, the information relating

classified information found in E.O. 13526, section 1.4(c), which includes intelligence activities, sources, and methods, and section 1.4(g), which includes vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security.  Disclosing this information could reasonably be expected to cause exceptionally grave damage to the national security because it would provide our nation's adversaries information about

similarly, because this information would reveal intelligence collection sources and methods it is protected from disclosure by section 102A(i) of the National Security Act of 1947.  Accordingly, this information should remain redacted and protected from release under FOIA exemptions (b)(1) and (b)(3).

Approved for public release by the DNI 20140731

TOP SECRET//SI//ORCON/NOFORN

## CONCLUSION

(U) I certify under penalty of perjury that the foregoing is true and correct to the best of

my knowledge and belief.

Executed this 11th day of July, 2014

Jennifer L. Hudson
Director, Information Management Division
Office of the Chief Information Officer
Office of the Director of National Intelligence

TOP SECRET//SI//ORCON/NOFORN